UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN DOE,

                    Plaintiff,

          -against-                              **ORDER**
                                                  25 CV 22 (CLP)

HOUSING SOLUTIONS OF NEW YORK, *et al.*,

                    Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On December 10, 2024, plaintiff John Doe, proceeding *pro se* and under a pseudonym, commenced this action against Housing Solutions of New York ("Housing Solutions") and two Jane Doe employees of Housing Solutions in their official and individual capacities (collectively, "defendants"). (See Compl.[1]). Plaintiff's Complaint alleges that defendants violated plaintiff's due process rights under 42 U.S.C. § 1983 and sets forth related breach of contract and tort claims. (See id.) On December 10, 2024, plaintiff Doe also filed the instant motion to proceed anonymously. (See Pl.'s Mot.[2] at 1). For the reasons set forth below, plaintiff's motion is GRANTED.

## BACKGROUND

        Plaintiff lives in New York City, and he is enrolled in the New York City Human Resources Administration's ("HRA") HIV/AIDS Services Administration ("HASA") program. (Compl. ¶ 3). At all times relevant to his Complaint, plaintiff alleges that he was an HRA client. (Id.)

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on December 10, 2024 (ECF No. 1).
[2] Citations to "Pl.'s Mot." refer to plaintiff's Motion to Proceed Anonymously, filed on December 10, 2024 (ECF No. 3).

Plaintiff alleges that defendant Housing Solutions maintains a contract with the HRA "to provide emergency housing, shelter, and services to individuals and families facing homelessness in New York City." (Id. ¶ 4). The unlawful conduct alleged in plaintiff's Complaint occurred at a shelter ("QV42") that Housing Solutions operated at 11302 Atlantic Avenue in Queens, New York. (Id.) Plaintiff alleges that Jane Does #1 and #2 are Housing Solutions employees. (Id. ¶¶ 5-6).

In November 2024, plaintiff alleges that he and a minor child in his care were "forced to flee their home due to a violent domestic incident." (Id. ¶ 6). Plaintiff sought assistance from the HRA, which referred him and the child to a shelter operated by Housing Solutions. (Id.) On November 14, 2024, plaintiff alleges that he and the child were assigned to QV42 by HRA referral but could not enter because Jane Doe #1 "falsely convey[ed] to [p]laintiff that the facility had not received any referral for his placement while simultaneously communicating to HRA that plaintiff failed to even show up for assignment to a room at the shelter." (Id. ¶ 7). The next day, while in Jane Doe #1's presence, plaintiff refuted her claim "both verbally to his case manager by phone and by email while requesting a new housing placement." (Id. ¶ 8). "In a matter of minutes," HRA provided a new referral assigning plaintiff and the child back to QV42. (Id. ¶ 9).

Jane Doe #1 allegedly responded by calling plaintiff a "faggot" and a "snitch[,]" threatening to "get back at plaintiff for filing the complaint with his case manager." (Id. ¶ 10). Jane Doe #1 then provided plaintiff with "what she purported [to be] the complete admission and orientation paperwork necessary to be admitted back to the shelter[,]" which plaintiff promptly executed according to Jane Doe #1's instructions. (Id. ¶¶ 11-12). Jane Doe #1 then confirmed that plaintiff's admission was complete and that he could "return at any time with his

2

belongings" but that he needed to sign in daily to keep his room. (Id. ¶ 13). Plaintiff allegedly advised Jane Doe #1 that he and the minor child would return the following day because they had alternative accommodations for that evening. (Id. ¶ 14).

The following day, Jane Doe #1 refused to allow plaintiff and the minor child entry to the assigned room, "claiming that plaintiff had not completed the orientation process the day before and as such she had contacted HRA and closed out the assigned room." (Id. ¶ 15). Plaintiff then requested to speak to a supervisor or another staff member who could assist him given that HRA offices are closed on the weekend. (Id. ¶ 17).

In response, Jane Doe #1 allegedly called the police and falsely accused plaintiff of trespassing, "falsely claiming that [p]laintiff had no right to be on the shelter premises and had forced his way into the building." (Id. ¶ 18). Once the police arrived and indicated that plaintiff was not trespassing because he had been assigned to the shelter, Jane Doe #1 "amended her story and falsely claimed that [p]laintiff had assaulted her and 'put his hands on her.'" (Id. ¶ 19). Although the police also took no action against plaintiff based on the alleged assault, they determined that they could not "lawfully compel" Jane Doe #1 to "permit plaintiff access to the [previously assigned] room at the shelter." (Id. ¶ 20).

Plaintiff then requested to speak to Jane Doe #2, "who was employed [as] a case manager . . . assisting clients with obtaining housing and other shelter options[,]" but Jane Doe #2 refused to assist plaintiff. (Id. ¶¶ 21-22). Specifically, plaintiff alleges that Jane Doe #2 "refused to contact anyone else in the agency and denied plaintiff [the] right to shelter by refusing to use her authority, purview[,] and responsibility [as] a case manager to permit plaintiff and the minor child back into the shelter or to provide alternate shelter options." (Id. ¶ 23).

3

Plaintiff's Complaint includes claims of breach of contract, negligence, and Section 1983 due process violations against Housing Solutions (Counts I, II, VI), as well as false reporting, defamation, intentional infliction of emotional distress claims against Jane Doe #1 (Counts III, IV, V, VII).[3]

## DISCUSSION

Rule 10(a) of the Federal Rules of Civil Procedure states that the "title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings" because "'the people have a right to know who is using their courts.'" Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 188-89 (2d Cir. 2008) (quoting Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th Cir. 1997)). Under certain, limited circumstances, courts have allowed a plaintiff to use a pseudonym, but the "plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." Id. at 189.

When balancing these interests, the Second Circuit advises district courts to consider the following non-exhaustive list of factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or . . . to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the

---

[3] Plaintiff's motion to proceed anonymously also asserts that he sues defendants for "unlawful and discriminatory housing conditions in violation of the Fair Housing Act, the Americans with Disabilities Act, and the New York State Human Rights Laws." (See ECF No. 4). A review of the *pro se* Complaint demonstrates that these additional claims are not explicitly pleaded in the Complaint, and to the extent that plaintiff wishes to proceed on these claims, he may want to amend his Complaint to set forth these additional counts against defendants with more specificity.

4

> litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identify has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

Id. at 189-90.  Given the "fact-intensive nature of this inquiry, district courts have discretion in deciding whether to grant or deny a motion to proceed under a pseudonym." United States v. UCB, Inc., No. 14 CV 2218, 2017 WL 838198, at *4 (S.D.N.Y. Mar. 3, 2017).

The facts of this case support plaintiff's request to proceed anonymously.  Plaintiff alleges that he is a client of the HRA's HIV/AIDS Service Administration program, and that he attempted to access emergency housing services through Housing Solutions, a shelter operator that has contracted with the City of New York "to provide temporary housing services to persons with family members having HIV or AIDS." (Compl. at 1, ¶ 3).  Plaintiff argues that his HIV-positive status is "central to his claims of discrimination and retaliation" and that public disclosure of his identity would "risk exposing him to stigma, discrimination, and potential harm" related to his HIV-positive status.  (Pl.'s Mot. at 2).

HIV status is "highly sensitive and personal in nature, and people living with the disease are highly stigmatized, as is evidenced by the case at bar." Doe v. Inst. for Family Health, No. 20 CV 5155, 2020 U.S. Dist. LEXIS 125293, at *5 (S.D.N.Y. July 7, 2020).  As a result, both federal and New York state courts have permitted "people living with HIV/AIDS, and other sexually and blood-transmitted diseases[,] to proceed pseudonymously." Id. (collecting cases). Thus, the first factor weighs in plaintiff's favor, as does the second factor, evidenced by plaintiff's fear of further stigmatization should his HIV-positive status become public knowledge.  See, e.g., EW v. New York Blood Center, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)

(stating that "the prejudice identified by plaintiff, of embarrassment and fear of stigmatization because she has HBV, which is like AIDS a sexually and blood-transmitted disease, is real").

Plaintiff's concerns far outweigh any potential prejudice to defendants or detriment to the public's interest in disclosure. In fact, the public interest also "weighs in favor of allowing [p]laintiff to proceed anonymously" because "by requiring [p]laintiff to disclose his HIV status, the Court risks 'chilling . . . others who face discrimination based on their highly stigmatized characteristics' from seeking judicial relief." Doe v. St. Vincent's Services, Inc., No. 20 CV 6215, 2021 WL 7909266, at *3 (E.D.N.Y. Sept. 29, 2021) (quoting Doe v. Inst. for Family Health, 2020 U.S. Dist. LEXIS 125293, at *8). Furthermore, plaintiff has indicated that he is willing to "disclose his identity under seal to the Court and to the [d]efendants' counsel," which should mitigate any potential barriers to defendants' ability to fully litigate the case. (Pl.'s Mot. at 2).

In sum, the Court's consideration of the factors set forth in Sealed Plaintiff v. Sealed Defendant has revealed that plaintiff's interest in proceeding anonymously outweighs any prejudice to defendants or the public's interest in disclosure. Thus, plaintiff's motion to proceed anonymously is GRANTED.

To facilitate the Court's ability to communicate with plaintiff, plaintiff shall file his full name, service address, and phone number under permanent seal with the Court by **May 9, 2025**.

Although plaintiff has not consented to electronic service of court documents, because he appears *pro* se and has only provided his email address, the Court will send a copy of this Order to the plaintiff using the email address listed on the signature page of the Complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
      April 9, 2025

                                            /s/ Cheryl L. Pollak
                                            Cheryl L. Pollak
                                            United States Magistrate Judge
                                            Eastern District of New York