UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOHN DOE,

                     Plaintiff,

              -against-                            **REPORT AND RECOMMENDATION**
                                                                           25 CV 22 (CLP)
HOUSING SOLUTIONS OF NEW YORK, *et al.*,

                     Defendants.
----------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

        On December 10, 2024, plaintiff John Doe, proceeding *pro se* and under a pseudonym, commenced this action against Housing Solutions of New York ("Housing Solutions") and two Jane Doe employees of Housing Solutions in their official and individual capacities (collectively, "defendants") (See Compl.[1]), alleging violations of his due process rights under 42 U.S.C. § 1982, as well as related tort and breach of contract claims. Also on December 10, 2024, plaintiff filed a motion to proceed anonymously. (ECF No. 3). On April 9, 2025, the Court granted plaintiff's motion to proceed anonymously but ordered that he file his full name, service address, and phone number under seal by May 9, 2025. (ECF No. 10). After receiving nothing from plaintiff, the Court again Ordered plaintiff John Doe to file this contact information under seal by July 2, 2025. (ECF No. 13). Plaintiff did not meet that deadline and on July 8, 2025, this Court issued an Order stating that if plaintiff did not file his contact information under seal by July 29, 2025, the Court would recommend dismissal for failure to prosecute. (ECF No. 14).

        To date, plaintiff has failed to provide his contact information under seal in contravention of the Court's various Orders and despite the Court's warning that failure to comply with these

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on December 10, 2024 (ECF No. 1).

1

orders would result in dismissal.[2] The Court therefore respectfully recommends that unless plaintiff provides his contact information by **August 22, 2025** or explains why he cannot do so, the district court should dismiss this action for failure to prosecute. Fed. R. Civ. P. 41(b); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (holding that "it is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within this specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

Although plaintiff has not consented to electronic service of court documents, because he appears *pro* se and has only provided his email address, the Court will send a copy of this Report and Recommendation to the plaintiff using the email address listed on the signature page of the Complaint.

**SO ORDERED.**

Dated: Brooklyn, New York
August 15, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[2] Although plaintiff has not consented to electronic service of court documents, because he appears *pro se* and has only provided his email address, the Court has sent a copy of its numerous Orders to plaintiff using the email address listed on the signature page of the Complaint.